# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

**JAN LONDO**
    **Plaintiff,**

**v.**

**UP Health Systems-Marquette**
    **Defendant**

---

Hanshaw Burink, PLC
Sandra Hanshaw Burink (P68619)
Attorney for Plaintiff
501 Hillside Drive
Marquette, MI 49855
(906) 273-1551
shburink@hb-lawoffices.com

---

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

Now Comes Plaintiff, Jan Londo, by and through her attorney, Hanshaw Burink, PLC and hereby states as follows:

## JURSIDICTION AND PARTIES

1. Plaintiff, Jan Londo, is a resident of the, County of Marquette, State of Michigan.

2. Defendant, UP Health Systems-Marquette conducts business operations in the Western District of Michigan.

3. This is an action to enforce civil rights arising out of Plaintiff's employment with Defendant, pursuant to the Americans with Disabilities Act.

4. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within 300 days of the commission of the unlawful employment practice alleged in this claim.

5. Plaintiff received notification of the right-to-sue letter from the EEOC on September 24, 2018 and has filed this complaint within 90 days of receiving the EEOC's notice of the right to sue.

## **STATEMENT OF FACTS**

6. Plaintiff began her employment with Defendant on October 10, 2016.

7. Plaintiff performed her job in a diligent and skillful manner.

8. Plaintiff suffers from depression and anxiety for which she seeks continuous medical treatment for.

9. Her medical condition is a disability as defined by the Americans with Disabilities Act.

10. Defendant was aware of Plaintiff's disabilities as she notified the company.

11. In or about May 2017, Plaintiff required time off to treat her disability.

12. Upon her return to work, her job position had changed and she was given an employee counseling form. Indeed, she was moved from Cardiac Surgery to Vascular duties.

13. On or about June 19, 2017 Plaintiff suffered from anxiety and a migraine while at work. She informed her supervisor and she left for the remainder of the day.

14. Plaintiff remained off work while she sought treatment for her anxiety/depression, until she returned to work July 24, 2017.

15. While on her medical leave, on or about July 16, 2017, Plaintiff met with Kristin Casey, human resources, regarding her need for the time off.

16. When she returned, she requested reasonable accommodations for her disability. Indeed, her doctor provided medical documentation supporting Plaintiff's need to take time off as necessary for counseling sessions and medical appointments.

17. On or about August 29, 2017 Plaintiff suffered a flare up of her anxiety and had a panic attack while on duty. She immediately reported the issue to the Director, informing him that she was suffering from a panic attack. She advised the Director that she needed to leave to take medication to control the anxiety.

18. Plaintiff remained off work for August 29, 2017 and August 30, 2017.

19. When Plaintiff returned to work, she was subjected to a hostile work environment.

20. By way of example, nobody was communicating with her while she worked, making it uncomfortable.

21. In addition, on September 6, 2017 Plaintiff was working late to complete her tasks. While working late another coworker, Theresa Harger, was also working. Harger informed Plaintiff that she was not allowed to leave Plaintiff alone. When Plaintiff asked why she could not be left alone, Harger informed her she was told by the Interim Chief Operating Officer, Cissy Mangrum, that she was not to leave Plaintiff alone in case she had another "spell" or "episode."

22. In other words, Plaintiff's coworker was made aware of Plaintiff's medical condition by Defendant and Defendant was placing her under greater scrutiny, even though Plaintiff had never given any indication that she could not perform her job.

23. In addition, Harger told Plaintiff that "everyone is worried about her."

24. Defendant disclosed Plaintiff's protected health information by sharing her medical condition with co-workers who were not authorized to know her protected health information.

25. Plaintiff met with the Direct Nursing Supervisor to complain about her protected health information being disclosed and to complain about the harassment she felt she was subjected to based on her disability.

26. In response to her complaint, the Nursing Supervisor informed her that she was being "too sensitive" and "putting too much into this."

27. Plaintiff asked to be permitted to move to a different location and therefor requested the ability to post for jobs in a different department. Defendant informed her that it would not oppose her request and she had a phone interview with the Family Medicine department in August and a second interview scheduled on September 29, 2018.

28. On September 13, 2017 Plaintiff emailed human resources to request a meeting to discuss her concerns. Defendant failed to address her concerns in any manner.

29. On September 14, 2017 Plaintiff was provided with another Performance Improvement Plan. She was given the plan for an additional 90 days and was

given information on the employee assistance program, though she did not request such information. Her complaints regarding her disability and the manner in which she was treated was not addressed by management during the meeting.

30. Defendant began watching Plaintiff as she worked and singled her out. Employees and management refused to speak with Plaintiff unless she approached them. No other employee was subjected to such a hostile environment.

31. On September 28, 2017 Plaintiff was ordered to come in for a meeting with the director and human resources.

32. During the meeting, Defendant informed Plaintiff that she was being terminated from her position. She was also told she was never permitted to work with any Duke Lifepoint organization.

33. She was also denied the ability to attend the interview previously scheduled for September 29, 2017—the next day.

34. Plaintiff's disability and her complaints of harassment and discrimination were the reason for Defendant's decision to terminate her.

35. As a result of Defendant's unlawful actions in failing to accommodate her and in terminating her due to her disability, Plaintiff has suffered damages by way of lost wages, future lost wages, attorney fees, and emotional distress damages.

## COUNT I—VIOLATION OF THE AMERICANS WITH DISABILITIES ACT FOR DISCRIMINATION BASED ON DISABILITY

36. Plaintiff hereby incorporates by reference the preceding paragraphs.

37. Plaintiff is a "qualified person with a disability" as defined by the Americans with Disabilities Act.

38. Defendant is an "employer" as defined by the Act.

39. Defendant discriminated against Plaintiff due to her disability when it terminated her from her position and subjected her to a hostile work environment based on her disability in violation of the Americans with Disabilities Act

40. Defendant's actions were intentional and willful.

41. Plaintiff has sustained injuries as a result of Defendant's unlawful actions by way of lost income, future lost wages, emotional distress damages and attorney fees.

## COUNT II—RETALIATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

42. Plaintiff hereby incorporates the preceding paragraphs by reference.

43. Plaintiff's reporting of the discriminatory treatment and harassment to Defendant constitutes activity protected under the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

44. Defendant and its agents have retaliated against Plaintiff for making complaints of unlawful discrimination and harassment and for opposing violations of the Elliott-Larsen Civil Rights Act in violation of the act.

45. As direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career

opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff, by and through her attorney, HANSHAW BURINK, PLC, requests that this Honorable Court enter judgment against Defendants for lost wages and benefits, compensatory damages, punitive damages, emotional distress damages, interest, costs, and reasonable attorneys fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,
**/s/ Sandra Hanshaw Burink**
SANDRA HANSHAW BURINK (P68619)
Attorney for Plaintiff
501 Hillside Drive
Marquette, MI 49855
shburink@hb-lawoffices.com